IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| MAURICE KEELEY, | : | |
| --- | --- | --- |
| | : | |
| Petitioner, | : | |
| | : | NO. 3:09-CR-00025 (CAR) |
| VS. | : | NO. 3:13-CV-90157 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Maurice Keeley's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 54. In his motion, Petitioner essentially raises three grounds for relief: (1) that his prior state court drug conviction should not be counted for the purpose of designating Petitioner as a career offender; (2) that his sentence constitutes excessive punishment under the Eighth Amendment; and (3) that he should be resentenced in accordance with the more lenient statutory penalty provisions of the Fair Sentencing Act of 2010 (FSA).

Respondent has waived any affirmative defense regarding procedural default and timeliness regarding Petitioner's FSA claim and concedes that Petitioner should be resentenced in accordance with the FSA. Doc. 60. Respondent has not, however, waived the defense of procedural default regarding Petitioner's other grounds, which are procedurally defaulted. Id. Petitioner is therefore not entitled to relief on his claims that he was wrongfully classified as a career offender and that his sentence violates the Eighth Amendment.

Petitioner is entitled to relief on his claim that he should be resentenced in accordance with the FSA. In view of the Supreme Court's recent decision in Dorsey v. United States, 132 S.Ct. 2321 (2012), making the FSA applicable to those offenders whose crimes preceded the

1

FSA's enactment but whose sentences were imposed after the FSA's enactment, Petitioner is entitled to be resentenced with the benefits of the more lenient mandatory penalties established by the FSA. Accordingly, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **GRANTED** and that Petitioner be **RESENTENCED** in accordance with the FSA and Dorsey.

FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2009, an indictment was returned in this Court charging Petitioner Maurice Keeley with one count of possession with intent to distribute over fifty (50) grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. §2. Doc. 1. Pursuant to 21 U.S.C. 841(b)(1)(A)(iii), Petitioner was subject to a statutory mandatory minimum sentence of ten years to life imprisonment.

On January 15, 2010, Petitioner entered into a plea agreement with the Government agreeing to plead guilty to the indictment as charged in exchange for potential sentence reductions for accepting responsibility and providing substantial assistance to the Government. Doc. 28. The plea agreement stipulated that, for the purposes of relevant conduct under U.S.S.G. § 1B1.3, the amount of crack cocaine attributable to Petitioner was more than 50 but less than 100 grams. Id. at 10.

Prior to Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR) on January 1, 2011. Using the United States Sentencing Guidelines Manual (Guidelines) effective November 1, 2010, the PSR determined that Petitioner had a base level of 26. PSR at ¶ 18. Because the FSA included a directive for an emergency amendment to the Guidelines effective November 1, 2010, the PSR calculated Petitioner's base offense level using the offense levels set forth by the FSA. Id.; See Notice of Emergency Amendment, 75 Fed. Reg. 66188-02 (October 7, 2010); U.S.S.G. § 2D1.1(a)(5). The PSR also

found that Petitioner had nine criminal history points and a criminal history category of IV. PSR at ¶ 39.

The PSR further determined that Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1(b). Petitioner's career offender status was based on his previous convictions of sale of cocaine in Morgan County Superior Court in 1992 and possession with intent to distribute cocaine base in this Court in 1997. Id. at ¶¶ 31, 36. Because Petitioner qualified as a career offender, Petitioner's offense level was determined by the career offender table. See U.S.S.G. § 4B1.1 (2010) (stating "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level in this subsection shall apply"). Based on the career offender table, Petitioner's offense level became 37, rather than 26, because he faced a statutory maximum sentence of life imprisonment. See id. Additionally, Petitioner's criminal history category became VI, rather than IV, based on his career offender status. See U.S.S.G. § 4B1.1 ("A career offender's criminal history category in every case in this subsection shall be Category IV.").

On January 25, 2011, Petitioner appeared for sentencing. Doc. 43. Petitioner's total offense level became 34 after a three-level decrease for acceptance of responsibility. PSR at ¶¶ 25-27. Based on a total offense level of 34 and a criminal history category of VI, Petitioner's sentencing guideline range was 262 to 327 months. Id. at ¶ 61. At sentencing, Petitioner requested that the Court use its discretion to disregard his criminal history and the career offender enhancement, and sentence Petitioner to a range of 7 to 87 months. Doc. 43 at 5. The Court overruled the objection and found that Petitioner qualified as a career offender. Id. at 8. Because the Government filed a motion for a sentence reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. 3553(e), the Court departed downward from the Guidelines range and sentenced Petitioner to 165 months imprisonment. Id. at 10. Judgment was entered on January 26, 2011.

Doc. 35. Petitioner did not appeal his sentence. On January 22, 2013, Petitioner filed the instant Section 2255 motion. Doc. 54.

## DISCUSSION

Petitioner essentially raises three grounds for relief: (1) that his prior state court drug conviction should not be counted for the purpose of designating Petitioner as a career offender; (2) that his sentence constitutes excessive punishment under the Eighth Amendment; and (3) that he should be resentenced in accordance with the more lenient statutory penalty provisions of the FSA in view of the Supreme Court's holding in Dorsey. Petitioner's grounds regarding his status as a career offender and his excessive sentence are procedurally defaulted. Petitioner is entitled to relief, however, on his ground that he should be resentenced in accordance with the FSA and Dorsey.

### Procedural Default

Petitioner's grounds for relief in his Section 2255 motion are procedurally defaulted. The Government has waived the affirmative defense of procedural default regarding Petitioner's claim that he is entitled to be resentenced in view of the FSA and Dorsey. The Government has not waived procedural default, however, regarding Petitioner's remaining grounds. Because Petitioner's claim that he was wrongfully sentenced as a career offender and his claim that his sentence is excessive in violation of the Eighth Amendment are procedurally defaulted, those grounds must be dismissed.[1]

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred

---

[1] It also appears that Petitioner may have withdrawn all grounds except for his claim based on the FSA and Dorsey. On February 14, 2013, Petitioner served an amended Section 2255 motion on the Government. Doc. 60 at 5. In the amended motion, Petitioner expressed his intent to withdraw all grounds set forth in his initial motion and to proceed only with his claim that he is entitled to be resentenced pursuant to the FSA. Id. Petitioner's amended motion, however, was not filed with the Court.

4

from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). In this case, it is undisputed that Petitioner failed to raise his grounds on direct appeal, as a direct appeal was not filed. As such, Petitioner's grounds are procedurally defaulted.

Procedural default can be excused if a petitioner establishes one of the two exceptions to the procedural default rule. Id. Under the first exception, a petitioner may overcome procedural default by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Lynn, 365 F.3d at 1234. Under the second exception, a petitioner may overcome procedural default by showing that he is actually innocent. McKay, 675 F.3d at 1196. To show actual innocence, the petitioner must establish that he is actually innocent of the crime, or in the capital sentencing context, that his is actually innocent of the sentence. Id. The actual innocence exception applies only to claims of factual innocence, as legal innocence is insufficient. Id. at 1197-98. Although the Eleventh Circuit has not specifically extended the actual innocence exception to the context of non-capital sentencing, many actual innocence claims in the context of non-capital sentencing fail because they are claims of legal innocence rather than factual innocence. See, e.g., id. at 1198; Rivers v. United States, 476 Fed. Appx. 848, 850 (11th Cir. 2012).

In this case, Petitioner has failed to establish excuse for his procedural default. Petitioner has failed to allege cause and prejudice for his failure to raise the issues on direct appeal. Petitioner has also failed to show that he is entitled to the actual innocence exception. Assuming that the actual innocence exception can apply to noncapital sentences, a claim that Petitioner is actually innocent of his career offender status would require Petitioner to show that he is factually innocent of one of his prior convictions. See McKay, 657 F.3d at 1197-98. Petitioner does not claim that he is factually innocent of the prior convictions. Petitioner argues, rather, that

5

his prior conviction does not constitute a serious drug offense. Petitioner's argument is a claim of legal innocence. Additionally, Petitioner's argument that his sentence is excessive in violation of the Eighth Amendment is a purely legal claim. Because Petitioner has not established excuse for his procedural default regarding his career offender and excessive punishment claims, those claims are procedurally defaulted and must be dismissed.

## The FSA and Dorsey

Petitioner contends that he is entitled to be resentenced in accordance with the more lenient statutory penalty provisions of the FSA in view of the Supreme Court's holding in Dorsey. Because Petitioner's offense conduct occurred before the FSA's enactment and his sentencing occurred after the FSA's enactment, and because Petitioner may be entitled to a sentencing reduction, it is appropriate for the Court to vacate Petitioner's existing sentence and resentence Petitioner in accordance with the FSA and Dorsey.

On August 3, 2010, Congress enacted the FSA to reduce the sentencing disparities between powder and crack cocaine. See 21 U.S.C. § 841; 124 Stat. 2372. The FSA increased the necessary quantity of crack cocaine to trigger the 10 years to life statutory penalty range under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams. Id. The FSA also increased the necessary quantity of crack cocaine to trigger the 5 year to 40 year statutory penalty range under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. Then, on June 21, 2012, the Supreme Court concluded that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Dorsey, 132 S.Ct. at 2335. Therefore, defendants whose illegal conduct occurred before August 3, 2010 and whose sentencing occurred after August 3, 2010 are entitled to receive the benefit of the new statutory mandatory penalty provisions prescribed by the FSA.

In this case, Petitioner is the type of defendant contemplated by the Supreme Court in Dorsey. Petitioner committed the offense on or about November 14, 2007, before the FSA's enactment. Petitioner was not sentenced until January 25, 2011, after the FSA's enactment. As such, Petitioner is entitled to the benefits of the FSA pursuant to Dorsey.

Because the FSA's mandatory penalty provisions substantially reduce Petitioner's Guidelines range, Petitioner is entitled to be resentenced with the benefit of the Court's consideration of the lesser sentencing range. Although the Guidelines are advisory, the court must consult the guidelines in sentencing a defendant. United States v. Booker, 543 U.S. 220, 258-60 (2005). "This consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines…." United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (emphasis in original). As such, even though the Court was not bound by the mandatory minimum 120-month sentence when sentencing Petitioner due to the Government's U.S.S.G. § 5K1.1 substantial assistance motion, Petitioner is entitled to be resentenced based on his new Guidelines range.

In view of the FSA's mandatory penalty provisions, Petitioner's Guideline range reduces from 262 to 327 months imprisonment to 188 to 235 months imprisonment. Petitioner's stipulated drug quantity – between 50 and 100 grams of cocaine base – authorizes a maximum sentence of forty years under the FSA, rather than the maximum life sentence authorized under the pre-FSA law. Petitioner's base offense level therefore reduces from 37 to 34 according to U.S.S.G. § 4B1.1(b). Following a three-level reduction for acceptance of responsibility, Petitioner's offense level becomes 31. Pursuant to the Guidelines, the sentencing range for an offense level of 31 and a criminal history category of VI is 188 to 235 months imprisonment. Although the Court may impose Petitioner's original sentence of 165 months upon resentencing, the possibility that the same sentence may be imposed is not sufficient to avoid a potential due

7

process violation resulting from the reliance in sentencing on an incorrect Guidelines range. See Hicks v. Oklahoma, 447 U.S. 343, 347 (1980). On resentencing, the Court would have the option of sentencing below the guideline range based on the Government's Section 5K1.1 motion, as the Court did in its original sentence. Accordingly, Petitioner is entitled to be resentenced pursuant to the FSA and Dorsey.

## CONCLUSION

Because Petitioner is entitled to be resentenced in accordance with the FSA and Dorsey, it is hereby **RECOMMENDED** that the instant Section 2255 motion be **GRANTED**. It is **FURTHER RECOMMENDED** that Petitioner's existing sentence be **VACATED**, that a hearing date be set for Petitioner to be **RESENTENCED** by the Court, and that the Probation Office prepare a new PSR. Because Petitioner is not represented by counsel currently, the Court should appoint new counsel to represent Petitioner in all future proceedings related to resentencing.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy thereof.

**SO RECOMMENDED**, this 23rd day of April, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge